[No. 9304.    Department Two.—December 21, 1885.]

## GUARDIAN FIRE AND LIFE ASSURANCE COMPANY, APPELLANT, *v.* JOHN H. THOMPSON ET AL., RESPONDENTS.

SURETYSHIP — PRIOR DEFAULT OF PRINCIPAL OBLIGOR — CONCEALMENT BY OBLIGEE — DISCHARGE OF SURETIES.—If the obligee in a bond given to secure the faithful performance of the duties of an agent knows at the time of the execution of the bond that the agent is a defaulter, and conceals the fact from the sureties, such concealment is a fraud upon the sureties, and discharges them from liability on the bond.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Chickering & Thomas,* for Appellant.

The obligee in a bond is not bound to disclose to the sureties the prior default of the principal obligor. (*Warren* v. *Branch,* 15 W. Va. 21; *North British Ins. Co.* v. *Lloyd,* 10 Exch. 522; *Home Ins. Co.* v. *Holway,* 55 Iowa, 571; *Ætna Life Ins. Co.* v. *Mabbett,* 18 Wis. 667; *Cawley* v. *People,* 95 Ill. 249; *Roper* v. *Sangammon Lodge,* 91 Ill. 518.)

*Langhorne & Miller,* for Respondents.

The concealment by the obligee of the prior dishonesty of the principal obligor is a fraud on the sureties, and discharges them from liability. (*Sooy* v. *State,* 39 N. J. L. 142; *Franklin Bank* v. *Cooper,* 36 Me. 179; *Dinsmore* v. *Tidball,* 34 Ohio St. 411; *Smith* v. *Josselyn,* 40 Ohio St. 409; *Atlas Bank* v. *Brownell,* 9 R. I. 168; *Home Ins. Co.* v. *Holway,* 55 Iowa, 571; *Atlantic & P. Tel. Co.* v. *Barnes,* 64 N. Y. 384; *Bostwick* v. *Van Voorhis,* 91 N. Y. 353; *Groves* v. *Lebanon Bank,* 10 Bush, 23.)

MYRICK, J.—The defendant Thompson, as local agent of plaintiff, gave a bond, with his co-defendants as sureties, for the faithful performance of his duties, and for

the payment to plaintiff of such sums as he might receive for premiums on insurance. This action is on the bond.

The court below found that for some time previous to the execution of the bond in suit, Thompson acted as agent of plaintiff, and in such capacity defrauded plaintiff of two thousand dollars premiums collected by him, and that the general agent of plaintiff well knew of such defalcation before the execution of the said bond; and that neither said general agent nor any officer or agent of plaintiff informed the sureties of such defalcation, but on the contrary concealed and suppressed the same from said sureties.

1. The principle of law applicable to the facts of this case is thus stated in Brandt on Suretyship and Guaranty, section 367: "If the party who takes a bond for the conduct of the principal in an employment knows at the time that the principal is then a defaulter in said employment, and conceals the fact from the surety, such concealment is a fraud upon the surety, and discharges him. . . . . An agent for the sale of coal on commission, who by agreement was bound to turn over his receipts to his employers within a specified time, was largely in arrear, and was required by his employers to find security, and a surety became bound for him to the extent of one thousand pounds. The agreement of suretyship recited the terms of dealing between the employer and the agent, but the fact of the indebtedness was concealed from the surety. Held, the surety was discharged, on the ground that under the circumstances the recitals in the agreement amounted to an active misrepresentation."

" A person taking a bond for the future good conduct of an agent already in his employment must communicate to a surety his knowledge of the past criminal misconduct of such agent in the course of such past employment, in order to make such bond binding.

" The mere non-communication of such knowledge, irrespective of motive or design, is a fraud in law, which

LXVIII. CAL.—14

will invalidate the obligation." (*Sooy* v. *State*, 39 N. J. L. 135.)

" We think there can be no doubt, either upon principle or authority, that where an agent has acted dishonestly in his employment, the principal, with knowledge of the fact, cannot accept a guaranty for his future honesty from one who is ignorant of the agent's dishonesty, and to whom the agent is held out by the principal as a person worthy of confidence. The failure to communicate such knowledge, under such circumstance, would be a fraud upon the guarantor.

" The bad faith in withholding from the guarantor such information, so material to the risk assumed, is manifested not only by the fact that the dishonest character of the agent was peculiarly within the knowledge of the principal; but the holding of him out as a person entitled to confidence, by continuing him in the service, was equivalent to a declaration that the principal had no knowledge of the dishonesty of the agent." (*Dinsmore* v. *Tidball*, 34 Ohio St. 418.)

Many other cases to the same effect might be cited, but the above are sufficient to illustrate and sustain the principle involved. A few cases to the contrary are presented, but the weight of authority is as above stated.

The judgment is affirmed.

THORNTON, J., and MORRISON, C. J., concurred.